PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3279
_____

INGRID AMALFIS SANTOS-REYES,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. BIA-1: A043-149-511)
Immigration Judge:  Honorable Philip Verrillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2011

Before:  SLOVITER, SMITH, and NYGAARD,
Circuit Judges

(Opinion filed: October 26, 2011)

Orest Bezpalko, II, Esq.
Bezpalko and Associates
1500 Walnut Street, Suite 408
Philadelphia, PA  19125

*Counsel for Petitioner*

Eric H. Holder, Jr., Esq.
Sharon M. Clay, Esq.
Joseph D. Hardy, Jr., Esq.
Thomas W. Hussey, Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P. O. Box 878
Ben Franklin Station
Washington, DC  20044

Blair O'Connor, Esq.
United States Department of Justice
Office of Immigration Litigation
Room 2000
450 5th Street, N.W.
Washington, DC  20001

*Counsel for Respondent*

_____

OPINION OF THE COURT
_____


NYGAARD, *Circuit Judge*

Ingrid Amalfis Santos-Reyes asks us to review the Board of Immigration Appeals' decision to affirm the immigration judge's pretermition of her application for cancellation of removal. Santos-Reyes maintains that the BIA erred by misinterpreting the stop-time rule (8 U.S.C. § 1229b(d)(1)) resulting in a miscalculation of her years of continuous residence. We will deny the petition.

## I.

The United States admitted Santos-Reyes, a citizen of the Dominican Republic, on October 3, 1991 as a conditional permanent resident. Upon her return to the United States from a trip in 2007, the Department of Homeland Security charged her with inadmissibility as an alien convicted of a crime of moral turpitude (8 U.S.C. § 1182(a)(2)(A)(i)(I)), arising from her June 9, 1999 conviction for receiving stolen property, criminal conspiracy, and criminal solicitation.

Santos-Reyes, relying upon 8 U.S.C. § 1229b(a), sought cancellation of removal based upon seven years of continuous residence. That provision states as follows:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien-- . . . (2) has resided in the United States continuously for 7 years after having been admitted in any status . . . .

8 U.S.C. § 1229b(a). The government challenged Santos-Reyes' application, asserting that the criminal conspiracy in which she participated began on August 18, 1998 and continued to October 27, 1998, triggering the "stop-time rule" and disqualifying her from the relief she sought. That rule says the following:

> For purposes of this section, any period of continuous residence or continuous physical presence in the United States shall be deemed to end . . . (B) when the alien has committed an offense referred to in section 1182(a)(2) of this title that renders the alien inadmissible to the United States under section 1182(a)(2) of this title or removable from the United States under section 1227(a)(2) or 1227(a)(4) of this title, whichever is earliest.

8 U.S.C. § 1229b(d)(1). The BIA upheld the immigration judge's decision to apply the stop-time rule and pretermit Santos-Reyes' request for cancellation of removal, ruling that a conviction record showing August 18, 1998 as the incident date established that her criminal conduct occurred before seven years of continuous residency had elapsed.

## II.

Santos-Reyes appeals the BIA's decision, arguing that a lack of specificity about the date of her involvement in the

conspiracy, and ambiguity in the statutory language concerning the trigger date for the stop-time rule resulted in error by the BIA. According to Santos-Reyes, the Government's case is grounded in the Commonwealth of Pennsylvania's vague criminal complaint. The complaint refers only to "Jane Doe Number One" and provides only a range of dates that encompass all conduct by all conspirators, rather than dates relating specifically to Santos-Reyes. Relying upon this record, she claims that the BIA erred by ruling that she committed the offense on August 18, 1998, the date the general conspiracy began.

Moreover, Santos-Reyes maintains that Congress' construction of the stop-time rule in the present-perfect tense makes the referent date for invoking the rule subject to interpretation. Her focus is upon the following line: "[C]ontinuous physical presence in the United States shall be deemed to end . . . when the alien *has committed* an offense." *Id.* (emphasis added). In light of the supposed ambiguity in the stop-time rule, she proposes that the immigration judge and the BIA should have calculated her continuous residence period using her arrest date, October 31, 1998, because it is the only date certain in the record. Her seven years of continuous residence would have elapsed by this date.

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). We review the BIA's legal determinations de novo, "subject to the principles of deference articulated in *Chevron . . . .* " *Kaplun v. Attorney General of the United States*, 602 F.3d 260, 265 (3d Cir. 2010) (citing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-44 (1984)). Where, as here, the BIA relies upon the reasoning of the immigration judge, we review both the decision of the

BIA and the immigration judge. *Sandie v. Attorney General*, 562 F.3d 246, 250 (3d Cir. 2009). We take up the statutory interpretation issue first.

III.

The present-perfect tense refers to an action that "is now completed, or continues up to the present." *Chicago Manual of Style,* 16th ed. (2010), p. 236. Although it is conceivable that the perfect tense might open some statutory provisions to different interpretations in certain circumstances, it does not impact the instant case.

"Commit" means "[t]o perpetrate or perform." Oxford English Dictionary, Online Edition, June 2011, http://www.oed.com/view/Entry/37160#eid8745869, last visited October 12, 2011. There is no support for Santos-Reyes' assertion that Congress' use of the word "commit" in the present-perfect tense ("has committed") transforms a word that is generally focused upon the subject's conduct into one that refers to the moment when the subject is criminally charged for the conduct.

Moreover, mindful that the United States charged Santos-Reyes with inadmissibility, it is instructive that Congress described the grounds for inadmissibility as follows:

> Except as provided in clause (ii), any alien convicted of, or *who admits having committed, or who admits committing acts which constitute the essential elements*

6

*of* - - (I) a crime involving moral turpitude . . . or conspiracy to commit such a crime, or (II) a violation . . . relating to a controlled substance. . . is inadmissible.

8 U.S.C. § 1182(a)(2)(A)(i) (emphasis added). With respect to the word "committed," the unmistakable focus here is upon the alien's acts that constitute the crime, rather than the subsequent arrest.

As the Supreme Court said: "[a]mbiguity is a creature not of definitional possibilities but of statutory context . . . ." *Brown v. Gardner*, 513 U.S. 115, 118 (1994); *See also Alli v. Decker*, 650 F.3d 1007 (3d Cir. 2011). Here, Congress' choice of verb tense did not dilute the clarity of its intent. All points of reference lead to the conclusion that the phrase "has committed" in section 1229b(d)(1) means the stop-time rule is triggered either by an alien's criminal conduct occurring on a particular date before the end of the seventh year of continuous residence, or conduct that runs up to the date when the seventh year of residency ends. Therefore, we reject Santos-Reyes' assertion that the BIA erred by refusing to use her arrest date to determine the residency terminal date.[1]

---

[1] Moreover, even were we to find that an ambiguity exists by virtue of the use of the present-perfect tense, the BIA's interpretation of the stop-time rule in this case is consistent with proper grammar and with other provisions of the statute. We, therefore, conclude that it is eminently reasonable for the

Having so ruled, we do not have jurisdiction to review the remaining issues of Santos-Reyes' petition. She claims that her arrest date must be used to determine the applicability of the stop-time rule because the record did not establish a date certain when she committed the crime. Yet, the BIA concluded that, with respect to Santos-Reyes involvement in the conspiracy, "[t]he record sufficiently establishes that August 18, 1998, was the commission date." We do not have jurisdiction to ascertain whether this factual finding was supported by substantial evidence. 8 U.S.C. § 1252(a)(2)(C).[2]

For all of these reasons, we will deny the petition for review.

---

BIA to interpret the stop-time rule as tied to the date of the alien's criminal conduct.

[2] Santos-Reyes's brief could be read as asserting that the Government never pleaded, and the BIA never determined, a date certain for the commencement of her criminal conduct, relying instead upon the general range of dates set out in the Commonwealth of Pennsylvania's criminal complaint that applied to all of the co-conspirators. However, the Government pleaded, and the BIA determined, that the date for the offending conduct was August 18, 1998. Accordingly, we conclude that this is a purely factual matter, beyond our appellate jurisdiction.