**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3681
_____

DEAN ST. AUBYN HARVEY,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-351-457)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 16, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, <u>Circuit Judges</u>

(Opinion filed: April 17, 2013)
_____

OPINION
_____

PER CURIAM

 Dean St. Aubyn Harvey petitions for review of a final order of removal.  For the

following reasons, we will grant the Government's motion to dismiss the petition for lack

of jurisdiction.

Harvey, a native and citizen of Jamaica, entered the United States around April 1987 as a lawful permanent resident. In November 1990, he was convicted in New York State Court of criminal possession of stolen property, in violation of N.Y. Penal Law § 165.45, and criminal possession of a weapon, in violation of N.Y. Penal Law § 265.02. In March 1997, Harvey was convicted in New York State Court of criminal impersonation, in violation of N.Y. Penal Law § 190.25. Most recently, in February 2012, he was convicted of assault in the third degree, in violation of N.Y. Penal Law § 120.00.

The Department of Homeland Security issued a Notice to Appear, charging him with removability as an aggravated felon (8 U.S.C. § 1227(a)(2)(A)(iii)), and as a two-time offender of crimes involving moral turpitude (id at. § 1227(a)(2)(A)(ii)). In a May 2012 decision, the IJ sustained both charges. Specifically, she determined that Harvey is removable as an aggravated felon as a result of his 1990 theft conviction, and that he is removable for having committed crimes involving moral turpitude because of his 1990 theft conviction and his 2012 assault conviction. The IJ then denied Harvey's request for a waiver of removal under former INA § 212(c). She concluded that, even if his three earlier convictions could be waived, Harvey is ineligible for a § 212(c) waiver because he became removable on the ground of having two convictions for crimes of moral turpitude upon his conviction for third degree assault, which occurred after the effective date of

2

AEDPA and IIRIRA (April 1, 1997).[1] See Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005) (holding that "[t]he grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes."); see also Duhaney v. Att'y Gen., 621 F.3d 340, 353 (3d Cir. 2010) ("[T]he fact that a petitioner's deportation based on a particular conviction has been waived does not prevent subsequent consideration of the same underlying conviction for other purposes."). The IJ also declined to grant Harvey a continuance to "collaterally attack" his convictions.

Harvey appealed to the Board of Immigration Appeals ("BIA" or "Board"), arguing that he has filed a motion under New York Criminal Procedural Law § 440.10 to vacate his convictions on the basis that his guilty pleas are invalid because his criminal counsel misrepresented or failed to inform him of their potential immigration consequences. See Padilla v. Kentucky, 130 S. Ct. 1473 (2010). In an August 2012 decision, the BIA dismissed Harvey's appeal, finding that the IJ correctly determined that he is ineligible for a § 212(c) waiver. The BIA also determined that Harvey failed to demonstrate that he has actually initiated state post-conviction proceedings and, in any event, relief is speculative. The Board also determined that to the extent Harvey claimed that the IJ erred in denying him a continuance because he was not represented by counsel,

---

[1] The IJ also noted that because Harvey is an aggravated felon, he is ineligible for cancellation of removal under INA § 240A(a).

the claim is meritless because Harvey expressly told the IJ that he wished to proceed on his own behalf at the final administrative hearing. This pro se petition for review followed.

Generally, we lack jurisdiction to review a final order of removal against an alien who was adjudged inadmissible for having committed a crime of moral turpitude, or for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to "review the [agency's] legal determinations de novo," subject to applicable canons of deference. Santos-Reyes v. Att'y Gen., 660 F.3d 196, 199 (3d Cir. 2011); see also Denis v. Att'y Gen., 633 F.3d 201, 205 (3d Cir. 2011) (exercising review over aggravated felony determination); Mehboob v. Att'y Gen., 549 F.3d 272, 275 (3d Cir. 2008) (same, but for moral turpitude offense).

In his Informal Brief, Harvey argues that the IJ incorrectly determined that he was removable on the basis that his 1990 conviction for criminal possession of stolen property qualifies as a crime involving moral turpitude, and as an aggravated felony. Although we would retain jurisdiction to review these questions under § 1252(a)(2)(D), we are jurisdictionally barred from doing so here because Harvey did not exhaust these issues administratively. Prior to raising an issue for judicial review, a petitioner must exhaust all administrative remedies available as of right regarding that issue. 8 U.S.C. § 1252(d)(1); Sandie v. Att'y Gen., 562 F.3d 246, 250 n.1 (3d Cir. 2009). This is a jurisdictional requirement. See Hoxha v. Holder, 559 F.3d 157, 159 & n.3 (3d Cir. 2009).

4

As mentioned, on appeal to the BIA, Harvey argued only that he is pursuing collateral relief in state court, and that the IJ erred in denying his request for a continuance.[2] He did not argue that the IJ erred in determining that his state conviction for criminal possession of stolen property constituted an aggravated felony and/or a crime of moral turpitude and the BIA did not consider those issues sua sponte. See Lin v. Att'y Gen., 543 F.3d 114, 123-24 (3d Cir. 2008). Therefore, the claims have not been exhausted and we lack jurisdiction to consider them.

Accordingly, we grant the Government's motion and will dismiss the petition for lack of jurisdiction.

---

[2] In his Informal Brief, Harvey does not articulate any challenge to the Board's dismissal of his appeal from the IJ's denial of his continuance request. As a result, the issue is waived. See Bradley v. Att'y Gen., 603 F.3d 235, 243 n.8 (3d Cir. 2010) (holding that argument not raised in opening brief is waived).