**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1348
_____

GRAHAM TOMLINSON,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A017-514-987)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2013
Before:  SCIRICA, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 3, 2013)
_____

OPINION
_____

PER CURIAM

Graham Tomlinson petitions for review of the Board of Immigration Appeals' ("BIA" or "Board") dismissal of his appeal. For the following reasons, we will dismiss in part and deny in part the petition for review.

I.

Tomlinson, a citizen of the United Kingdom, was admitted to the United States as a lawful permanent resident in 1967. In 2003, he was convicted of first-degree burglary, in violation of 18 Pa. Cons. Stat. § 3502, and sentenced to 16 to 48 months' incarceration. Tomlinson was later served with a Notice to Appear charging him with being removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on the basis of an aggravated felony conviction as defined by INA § 101(a)(43)(G).

At a hearing before the Immigration Judge ("IJ"), Tomlinson, through an attorney, conceded removability. The IJ determined that he was ineligible for relief because of his conviction for an aggravated felony and ordered him removed to the United Kingdom. Tomlinson's lawyer indicated that he would be requesting discretionary relief based upon hardship and that he wished to pursue post-conviction relief under Padilla v. Kentucky, 559 U.S. 356 (2010). The IJ denied a continuance for either purpose.

On appeal to the BIA, Tomlinson challenged the denial of a continuance and requested a remand because he was challenging his conviction in state court. The BIA dismissed his appeal, concluding that the IJ appropriately determined that Tomlinson had not demonstrated good cause to grant a continuance. This petition for review followed.

2

## II.

Generally, we lack jurisdiction to review a final order of removal against an alien, like Tomlinson, who is removable for having been convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review. See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006). We exercise plenary review over the BIA's legal determinations. See Santos-Reyes v. Att'y Gen., 660 F.3d 196, 199 (3d Cir. 2011).

## III.

Tomlinson has not presented any viable claims. First, cannot collaterally attack his conviction in removal proceedings. See Drakes v. I.N.S., 330 F.3d 600, 601 (3d Cir. 2003). Tomlinson further argues that his Fifth Amendment right to due process was violated because of ineffective assistance of counsel during his hearing before the IJ. However, this argument was not raised before the BIA and is therefore unexhausted. We lack jurisdiction to review unexhausted arguments, see Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003), and Tomlinson must file a motion to reopen with the Board to exhaust such an argument, see Zheng v. Gonzalez, 422 F.3d 98, 107-08 (3d Cir. 2005).

Tomlinson appears to claim that the IJ violated his due process rights by denying his request for a continuance to pursue post-conviction relief in state court. The

Government asserts that we lack jurisdiction over this argument. We have not yet decided in a precedential opinion whether a garden-variety claim of the denial of a continuance is reviewable in the case of a criminal alien; at least two other courts of appeals have suggested that they are not. See, e.g., Waugh v. Holder, 642 F.3d 1279, 1284-85 (10th Cir. 2011) ("[P]etitioner also argues the IJ and BIA erred in denying his request to continue the removal proceedings until his motion to withdraw his guilty plea was resolved in state court. . . . This challenge raises neither a constitutional nor a legal issue, so we are without jurisdiction to review it."); Ogunfuye v. Holder, 610 F.3d 303, 307 (5th Cir. 2010). We have suggested that, in an appropriate circumstance, a denial of a continuance *could* violate due process. See Hoxha v. Holder, 559 F.3d 157, 163 n.5 (3d Cir. 2009). This denial did not. Notably, Tomlinson's conviction remains final for immigration purposes despite any pending collateral attack. Paredes v. Att'y Gen., 528 F.3d 196, 198-90 (3d Cir. 2008); cf. Chaidez v. United States, 133 S. Ct. 1103, 1105 (2013) (holding that Padilla is not retroactively applicable to cases on collateral review).

Tomlinson also appears to challenge the IJ's denial of a continuance to allow him to seek hardship relief. The record does not contain any indication that Tomlinson actually sought hardship relief. He certainly has not made out any due process violation. See Hoxha, 559 F.3d at 163 n.5. In any event, we note that we lack jurisdiction to consider such a discretionary decision, including any "exceptional and extremely

4

unusual" hardship determination.  <u>See</u> 8 U.S.C. § 1252(a)(2)(B)(i); <u>Patel v. Att'y Gen.</u>, 619 F.3d 230, 232 (3d Cir. 2010).

IV.

For the foregoing reasons, we will dismiss the petition for review in part, to the extent we lack jurisdiction, and deny it in part.