**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1259
_____

TROY ADALE FREEMANTLE,
Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-017-788)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 26, 2013

Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: August 27, 2013)
_____

OPINION
_____

PER CURIAM

Petitioner, Troy Adale Freemantle, seeks review of the Board of Immigration

Appeals' (BIA or Board) final order of removal.  For the reasons discussed below, we

will deny the petition for review.

1

I.

Freemantle is a native and citizen of Jamaica who was admitted to the United States in 2003 and overstayed his visa. In June 2012, the Government charged him with removability under 8 U.S.C. § 1227(a)(1)(B) (remaining in the United States longer than permitted) and § 1227(a)(2)(B)(i) (having been convicted of a controlled substance violation).[1] Freemantle appeared before an Immigration Judge (IJ) and informed the court that he had not been persecuted in Jamaica in the past, and did not fear that he would be persecuted in the future if he were forced to return. Accordingly, he declined to file an application for relief or protection from removal, and, on September 5, 2012, the IJ ordered him removed to Jamaica.

Freemantle appealed the IJ's decision to the BIA, and requested that his case be remanded to the IJ so that he could apply for adjustment of status (with a waiver of inadmissibility under Immigration and Nationality Act (INA) § 212(h)), asylum, withholding of removal, and protection under the Convention Against Torture (CAT). With respect to his application for adjustment of status, Freemantle explained that his wife and children—who are United States citizens—are financially dependent on him and would suffer significant hardship if he were forced to return to Jamaica. Concerning his proposed application for asylum and related relief, Freemantle alleged that he "has

---

[1] The record reflects that on February 10, 2012, Freemantle was convicted of two counts of possession of a controlled dangerous substance with intent to distribute, in violation of N.J. Stat. Ann. §§ 2C:35-5A(1) and 2C:35-5B(11). (AR000191-98.)

longstanding problems with the Gang members, and corrupt Jamaican Police officers who wish to fulfill their vendetta [with] Mr. Freemantle due to his involvement with them in the past." (AR000015.) He further alleged that a family member had recently been killed in Jamaica in retaliation for Freemantle's refusal to join the gangs there.

The BIA declined to remand the matter and dismissed the appeal. The Board determined that a remand was not warranted because: (1) Freemantle had not established prima facie eligibility for adjustment of status because his two controlled substance offenses rendered him statutorily ineligible for a waiver of inadmissibility under § 212(h); and (2) he failed to allege facts in support of his claims for asylum and related relief that were not available at his hearing before the IJ. See 8 C.F.R. § 1003.2(c). This petition for review followed.

## II.

We have jurisdiction over this petition for review pursuant to 8 U.S.C. § 1252(a). Generally, we lack jurisdiction to review a final order of removal against an alien, like Freemantle, who is removable for having been convicted of a controlled substance offense. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review any constitutional or legal questions raised in his petition for review. See 8 U.S.C. § 1252(a)(2)(D); Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006). We exercise plenary review over the BIA's legal determinations. See Santos-Reyes v. Att'y Gen., 660 F.3d 196, 199 (3d Cir. 2011).

3

Freemantle's primary argument on appeal is that the agency erred in finding him removable under 8 U.S.C. § 1227(a)(2)(B)(i) because his conviction does not constitute a federal felony or a crime involving moral turpitude. This Court lacks jurisdiction to review this argument because Freemantle failed to exhaust it before the Board. See 8 U.S.C. § 1252(d)(1); Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012). Freemantle also argues that he was denied due process when he was deprived of the opportunity to apply for asylum, withholding of removal, and CAT protection during the proceeding before the IJ. Contrary to his contention, however, the record reflects that the IJ discussed these forms of relief with Freemantle, but he affirmatively declined to seek any relief or protection from removal. (AR000186-88.) Therefore, this argument is meritless.

We have carefully reviewed the record and see no other error in the BIA's decision. The BIA properly denied Freemantle's request for a remand. First, the BIA correctly concluded that he failed to establish prima facie eligibility for adjustment of status because § 212(h) does not provide a waiver for aliens, like Freemantle, who have been convicted of possession with intent to distribute marijuana. See 8 U.S.C. § 1182(a)(2)(A)(i)(II) and (h). Furthermore, with respect to his belated applications for asylum and related relief, the BIA correctly noted that Freemantle failed to explain why the persecution claim he put forth, and the evidence he submitted, could not have been presented at his original hearing. See In re Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992) ("[W]here a motion to remand is really in the nature of a motion to reopen . . . , it must

4

comply with the substantive requirements for such motions.").  While he argues on appeal that he did not "learn of the current issues he would face" until after he was ordered removed, (Br. 8), he was obligated to discover and present that evidence at his hearing before the IJ.  See 8 C.F.R. § 1003.2(c)(1) (providing that a motion to reopen proceedings "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.")  In any event, we have reviewed the record and conclude that Freemantle failed to submit sufficient evidence to demonstrate prima facie eligibility for such relief.

### III.

For the foregoing reasons, the petition for review will be denied.[2]

---

[2] To the extent that Freemantle has included in his brief a request for a stay of removal, such request is denied as moot.