**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 14-3144

————————

ODELY LOUIS
a/k/a Arnold Louis,
                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                    Respondent

————————

On Petition for Review of an
Order of the Board of Immigration Appeals
(Board No. A046-031-048)
Immigration Judge:  Walter A. Durling

————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2015

Before:  FISHER, JORDAN and SHWARTZ, *Circuit Judges*.

(Opinion Filed:  August 18, 2015)

————————

OPINION*

————————

———————————————

      * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Odely Louis petitions for review of the Board of Immigration Appeals' ("BIA") denial of his claim for deferral of removal under the United Nations Convention Against Torture ("CAT"). We will dismiss Louis's petition in part and deny in remaining part.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Louis, a native and citizen of Haiti, entered the United States on January 14, 1997, as a legal permanent resident. On February 1, 2012, Louis was convicted in the Court of Common Pleas, Berks County, Pennsylvania, for the felony offense of possession with intent to deliver a controlled substance and the misdemeanor offense of possession of cocaine. He was sentenced to five to fifteen years of incarceration. As a consequence of his conviction, the U.S. Department of Homeland Security ("DHS") initiated removal proceedings, and Louis was charged with removability under 8 U.S.C. § 1227(a)(2)(A)(i) (committing a crime of moral turpitude), (A)(iii) (committing an aggravated felony), and (B)(i) (being convicted of an offense relating to a controlled substance).

Louis filed a Form I-589 application seeking deferral of removal under CAT. At his merits hearing before the Immigration Judge ("IJ"), Louis testified that, as a thirteen-year-old in Haiti, he was kidnapped at gunpoint and held for a month before a ransom

2

was paid.  He alleged that that he was beaten; that his ankle was sliced with a machete when he tried to escape; and that something was poured onto him such that his right eye became "completely dead" and hair ceased to grow in the areas where the substance was poured.[1]  Louis attributed the kidnapping to his father's former military service in the Duvalier government.  He also testified that, if he was deported, he feared he would be tortured by his kidnappers or otherwise targeted on account of his father's past association.  The IJ determined that Louis was credible and that his fears were genuine.

Louis's expert witness, Ms. Michelle Karshan, opined that due to Louis's physical deformities—vision in only one eye, a drift in the other eye, and a noticeable limp and duck-like gait due to the cutting and a job-related toe injury in the United States—he would be tortured or targeted by the Haitian police, who pick up "anybody they think is problematic" in order to preserve the tourism industry, and be perceived as a "vagrant" or under a "voodoo curse" by the Haitian people.[2]  Ms. Karshan also testified that because of Louis's drug convictions, he would be detained upon his arrival and be forced to endure abysmal prison conditions or extorted by the Haitian police who believe criminal deportees with drug convictions have access to money.  The IJ found that Ms. Karshan was "a knowledgeable witness."[3]

---

[1] A.R. at 151-54.

[2] A.R. at 189-91.

[3] A.R. at 31.

On January 31, 2014, the IJ denied Louis's application for deferral of removal under CAT. It found that Louis's fear that he would be targeted on account of his father's past association with the Duvalier regime was speculative and unsubstantiated. Likewise, the IJ found that while Louis's claim relating to his physical deformities was significant, it too was unsubstantiated and fell far short of establishing likely future torture. Finally, the IJ explained that Louis failed to demonstrate that the Haitian government maintained abysmal prison conditions in order to *intentionally* inflict torture on detainees, as required to invoke CAT relief, and that criminal deportees are no longer detained beyond one day. It explained that Ms. Karshan failed to provide the bases for her opinions to the contrary.

Louis appealed the IJ's decision, and the BIA dismissed the appeal on May 28, 2014. The BIA found no clear error with the IJ's determination that it was not more likely than not that Louis would be tortured upon his return to Haiti, nor with the IJ's finding that the expert witness's testimony was unpersuasive in certain respects. Louis filed a timely petition for review with this Court.

## II.

The BIA exercised appellate jurisdiction over the IJ's decision under 8 C.F.R. § 1003.1(b)(3). This Court has jurisdiction over a timely petition for review of a final order of removal under 8 U.S.C. § 1252(a). While we may not review a final order of removal against a petitioner who is removable for committing a criminal offense covered

4

by, *inter alia*, 8 U.S.C. § 1227(a)(2)(A)(iii) or (B), we retain jurisdiction over "constitutional claims or questions of law."[4]  The Court reviews the decisions of both the BIA and the IJ where, as here, "the BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions."[5]

## III.

Louis raises three issues in his petition.  First, he claims that the BIA erred in upholding the IJ's factual findings that Louis failed to establish that he would more likely than not be tortured if he is removed to Haiti, which Louis claims we review for substantial evidence.  Second, he asserts that the BIA erred in applying the clearly erroneous standard of review.  Third, he claims that the BIA erred in holding that his due process rights were not violated by the IJ's determinations that the expert witness failed to provide sufficient bases for her testimony.  While we, like the IJ, understand Louis's fears and "ha[ve] sympathy for him on that account,"[6] these claims are unmeritorious.

## A.

Louis first argues that the BIA erred in upholding the IJ's factual findings regarding his likelihood of torture in Haiti.  He explains at length that the IJ's findings

---

[4] 8 U.S.C. § 1252(a)(2)(C), (D).

[5] *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005).

[6] A.R. at 35.

5

were not supported by substantial evidence—the standard used to review administrative findings of fact when a petitioner requests relief from removal.[7]  However, this Court "lack[s] jurisdiction to review factual findings underlying a removal order against an alien who has committed a controlled substance offense" or a crime of moral turpitude.[8] As discussed, Louis has been ordered removed on both bases and, therefore, our jurisdiction is limited to constitutional claims or questions of law.  Because Louis does not assert colorable constitutional or legal questions in his petition for review on this issue, the Court will dismiss this part of the petition.

## B.

Louis next claims that the BIA erred by applying the clearly erroneous standard to the IJ's determination that it is not more likely than not that Louis will be tortured upon removal to Haiti.  Instead, Louis argues that the BIA should have reviewed *de novo* whether the alleged mistreatment would constitute torture under CAT as a matter of law.

In *Kaplun v. Attorney General*, the Court explained that the BIA's review of an IJ's determination of the likelihood of future torture under CAT is a mixed question with two distinct parts:  "(1) what is likely to happen to the petitioner if removed; and (2) does

---

[7] *See* 8 U.S.C. § 1252(b)(4)(B); *Dia v. Ashcroft*, 353 F.3d 228, 247-49 (3d Cir. 2003) (en banc).

[8] *Green v. Att'y Gen.*, 694 F.3d 503, 506 (3d Cir. 2012); *see also Santos-Reyes v. Att'y Gen.*, 660 F.3d 196, 200 (3d Cir. 2011) (holding that "[w]e do not have jurisdiction to ascertain whether [a] factual finding was supported by substantial evidence" where petitioner was convicted of a crime of moral turpitude).

6

what is likely to happen amount to the legal definition of torture?"[9]  The first question is factual, which the BIA reviews for clear error; the second question is legal, which the BIA reviews *de novo*.[10]  "The two parts should be examined separately."[11]

Here, the IJ found that Louis failed to establish the requisite likelihood of future torture under CAT (i.e., that torture is more likely than not).   In particular, it found that Louis's fears regarding the alleged detention of criminal deportees, his father's association with the Duvalier government, and his physical abnormalities were either too speculative or too unsubstantiated to show that Louis would more likely than not be tortured upon return to Haiti.[12]  These were findings of fact that were subject to clear error review.  As such, the BIA properly reviewed for clear error and "affirm[ed] [the IJ's] decision for the detailed reasons stated in his decision."[13]  Because Louis failed to meet his burden on the first question, the BIA did not need to reach the second question

---

[9] 602 F.3d 260, 271 (3d Cir. 2010).

[10] *Id.*

[11] *Id.*

[12] *See, e.g.*, A.R. at 34 ("[T]here is no record documentation that remotely suggests that family members of government officers under the two Duvalier regimes are likely be [sic] tortured in today's Haiti."); A.R. at 35 ("While the witness did testify that [Louis] might be tortured by the police on account of his physical ailments, she did not state the basis for her beliefs. There is nothing in this record that the Court reviewed that would remotely suggest that is likely to result in torture.").

[13] A.R. at 4.

of whether the harm rose to the level of torture.  Therefore, the Court will deny Louis's petition for review on this issue.

## C.

Finally, Louis argues that the BIA erred by denying his due process claim.  In particular, Louis alleges that Ms. Karshan's testimony should not have been discounted for failure to state the bases for her opinions and, therefore, that the IJ denied him "a full and fair hearing and a reasonable opportunity to present evidence."[14]  However, we are persuaded that the IJ did consider the relevant record evidence in reaching its decision, and that it did not abuse its discretion in weighing Ms. Karshan's testimony and determining that parts were speculative or unpersuasive.  "It is therefore apparent that [Louis's] real argument is *not* that relevant evidence was ignored, but rather that the IJ incorrectly weighed evidence in making factual determinations. As stated above, however, we lack jurisdiction to consider such an argument."[15]  Moreover, even if the IJ or the BIA did err, Louis fails to establish that the outcome of the proceeding would have been any different.[16]  We will therefore deny the petition on this point.

---

[14] *Romanishyn v. Att'y Gen.*, 455 F.3d 175, 185 (3d Cir. 2006).

[15] *Green*, 694 F.3d at 508.

[16] *Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) ("[T]here would be no due process violation in the absence of prejudice.").

8

IV.

For the reasons set forth above, we will dismiss Louis's petition in part and deny in remaining part.