**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4821

_____

IVO SVETOZAROV DAMYANOV,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-709-085)
Immigration Judge:  Andrew R. Arthur

_____

Submitted under Third Circuit LAR 34.1(a)
on October 30, 2015

Before: GREENAWAY, JR., SCIRICA and ROTH, <u>Circuit Judges</u>

(Filed: February 25, 2016)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Ivo Svetozarov Damyanov petitions this court for review of the denial by the Board of Immigration Appeals of his application for deferred removal under the United Nations Convention Against Torture. For the following reasons, we will deny his petition.

**I.**

Damyanov, a native and citizen of Bulgaria, entered the United States in 2004. On September 10, 2007, he was granted asylum, and he became a Lawful Permanent Resident on December 18, 2009. On March 15, 2012, Damyanov was convicted in the United States District Court for the District of Maryland on the offenses of: (1) Conspiracy to Commit Access Device Fraud,[1] (2) Access Device Fraud,[2] and (3) Aggravated Identity Theft[3] in connection with his participation in an ATM-skimming scheme. He was sentenced to seventy-five months of imprisonment. Following this sentence, the Department of Homeland Security initiated removal proceedings against Damyanov on three separate charges, including that Damyanov had been convicted of two separate aggravated felony offenses.[4] Damyanov conceded the charges of removability and filed an application seeking deferral of removal under the United Nations Convention Against Torture (CAT) on November 8, 2013.

---

[1] 18 U.S.C. § 371.
[2] 18 U.S.C. § 1029(a)(1).
[3] 18 U.S.C. § 1028A(a)(1).
[4] 8 U.S.C. § 1227(a)(2)(A)(iii).

A series of hearings on Damyanov's application took place between February 10, 2014 and June 23, 2014. At the conclusion of the hearings, the Immigration Judge found Damyanov removable as charged and denied the application for deferral of removal. Damyanov appealed this decision to the BIA, which dismissed his appeal. This appeal followed.

**II.**

Damyanov has conceded that he has committed two offenses that qualify as aggravated felonies under 8 U.S.C. § 1227(a)(2)(A)(iii). We generally have jurisdiction to review final orders of removal from the BIA under 8 U.S.C. § 1252(a)(1). However, our jurisdiction is limited when the alien subject to the order of removal has committed an aggravated felony.[5] While we are precluded by statute from reviewing such removal orders, we may review "constitutional claims or questions of law" raised by a petitioner.[6] We review such claims *de novo*.[7] Factual determinations underlying a removal order are beyond our jurisdiction.[8]

**III.**

Damyanov raises four challenges in his petition. First, he claims that the BIA erred in accepting the Immigration Court's adverse credibility determination. Second, he challenges the Immigration Judge's conclusion, adopted by the BIA, that because Damyanov's testimony was found to be not credible, he was not entitled to CAT relief.

---

[5] 8 U.S.C. § 1252(a)(1)(C).
[6] *Id.* § 1252(a)(1)(D).
[7] *Santos-Reyes v. Att'y Gen.*, 660 F.3d 196, 199 (3d Cir. 2011).
[8] *See Green v. Att'y Gen.*, 694 F.3d 503, 506 (3d Cir. 2012).

Third, he asserts that the BIA erred in applying the incorrect standard of review. Fourth, he argues that BIA violated his right to due process by not considering all of the evidence in the record.

## A.

The first challenge is nothing more than a request for this court to engage in factfinding. A finding of adverse credibility is a factual conclusion, not a legal one.[9] We do not have jurisdiction to consider findings of fact, and therefore we will not entertain this challenge.

## B.

Damyanov's second challenge attacks the BIA's decision to adopt the Immigration Judge's ruling that, because Damyanov was found not credible, he was not entitled to CAT relief. For relief to be granted under CAT, the Immigration Judge must find that it is more likely than not that the applicant will be tortured in the country of removal.[10]

Damyanov again asks our court to step into the role of a factfinder by assessing the evidence that was before the Immigration Judge to determine whether or not CAT relief may be denied. We find no suggestion that, as a matter of law, the Immigration Judge denied Damyanov CAT relief on the basis of his adverse credibility finding. Rather, the Immigration Judge's decision suggests that the evidence Damyanov provided, which included testimony found to be not credible, was insufficient to demonstrate that Damyanov would more likely than not be tortured. When the alien seeking relief has

---

[9] *See Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir. 2004).
[10] 8 C.F.R. § 1208.16(c)(4).

been convicted of an aggravated felony, our role is not to ascertain whether an Immigration Judge's factual finding is supported by substantial evidence.[11] Thus, we do not have jurisdiction to hear this challenge.

## C.

Damyanov's third challenge is the type of legal question we are permitted to hear. Damyanov alleges that BIA erroneously applied the two-prong test we articulated in *Kaplun v. Attorney General of the United States*, 602 F.3d 260 (3d Cir. 2010), for review of a CAT application. This test splits the question of likelihood of future torture into two parts: the first part, which asks what is likely to happen to the applicant if he is removed, is a factual question reviewed for clear error, while the second part, which asks whether or not the facts provided rise to the level of torture, is a legal question to be reviewed *de novo*.[12] Damyanov claims that the BIA relied only on the clear error standard in dismissing his appeal.

If the BIA appears to rely only on the clear error standard, it is because Damyanov's appeal presents limited legal questions. Damyanov's testimony was found not credible by the Immigration Judge; the only other evidence of what was likely to happen to Damyanov in Bulgaria came in the form of documentary evidence on the conditions facing the Roma people, an ethnic group to which Damyanov testified he belongs. To the extent that Damyanov's claim for CAT relief relies on his testimony, the

---

[11] *See Green*, 694 F.3d at 507.
[12] *Kaplun*, 602 F.3d at 271; *see* 8 C.F.R. § 1003.1(d)(3).

Immigration Judge's adverse credibility finding forecloses his claim.[13]  To the extent that his claim relies on the documentary evidence before the Immigration Judge, the BIA did engage in *de novo* review: the BIA's dismissal states that the acts described in the evidence presented do not rise to the level of torture.  This claim is therefore without merit.

## D.

Damyanov concludes by arguing that the BIA violated his due process rights by not considering all the evidence in the record.  We have jurisdiction to hear this claim, as it is constitutional.  The BIA is not required to address explicitly each piece of evidence presented in order to justify its decision to deny an appeal.[14]  Here, the BIA reviewed the Immigration Judge's adverse credibility finding as well as the evidence of mistreatment of the Roma in Bulgaria.  We find that the BIA's review was sufficient and did not violate Damyanov's right to due process.

## IV.

For the reasons set forth above, we see no reason to disturb the BIA's decision.  Accordingly, Damyanov's petition is denied.

---

[13] *See Zheng v. Gonzales*, 417 F.3d 379, 383 (3d Cir. 2005).
[14] *Sevoian v. Ashcroft*, 290 F.3d 166, 178 (3d Cir. 2002).

6