**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2989
_____

AMARNAUTH SINGH,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A041-331-273)
Immigration Judge: Honorable Leo A. Finston
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Filed: 23 May 2016)
_____

OPINION*
_____

VANASKIE, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Amarnauth Singh is removable under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who was convicted of a controlled substance offense after admission. Singh applied for asylum, withholding of removal, and protection under the Convention Against Torture. In his application, Singh claimed that he will be persecuted in Guyana on the basis of his Americanization and sexual orientation. The Immigration Judge denied asylum and withholding of removal after determining that Singh and his witnesses did not testify credibly about Singh's sexual orientation. The Board of Immigration Appeals affirmed. In his petition for review of his final order of removal, Singh challenges only the Immigration Judge's adverse credibility finding. Because Singh challenges only the Immigration Judge's credibility finding, which was a question of fact, and does not dispute that he is removable for being convicted of a controlled substance offense, we lack jurisdiction over this matter. *See* 8 U.S.C. § 1252(a)(2)(C), (D). Accordingly, we will dismiss the petition for review.

I.

Amarnauth Singh, a native and citizen of Guyana, was admitted into the United States as a conditional lawful resident on April 20, 1987. The conditional basis for his admission was removed on May 30, 1989. On January 24, 2014, Singh was convicted in New Jersey Superior Court, Hudson County, for possession of cocaine in violation of N.J. Stat. Ann. § 2C:35-10(a)(1). Following his conviction, the DHS commenced removal proceedings against Singh by filing a Notice to Appear ("NTA") in Immigration Court. The NTA charged Singh with removability under 8 U.S.C. § 1227(a)(2)(B)(i), as

2

an alien who, after his admission into the United States, was convicted under a law relating to a controlled substance other than a single offense involving possession of thirty or less grams of marijuana for one's own use.

Singh appeared before an Immigration Judge ("IJ") on January 14, 2015. Through counsel, he admitted the factual allegations contained in the NTA.[1] Singh indicated that he wished to avoid the consequences of his conviction and would pursue an application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), as well as protection under the Convention Against Torture ("CAT"). Singh submitted his application on March 16, 2015, claiming he would be mistreated in his home country on account of his Americanization and his sexual orientation as a bisexual or homosexual male. In support of his application, Singh submitted a personal statement, statements from his ex-wife and his aunt, and an excerpt from a report on human rights in Guyana.

On April 27, 2015, the IJ held a hearing and heard testimony from Singh, Singh's aunt, and Singh's ex-wife. At the conclusion of the hearing, the IJ denied the application after finding "that [Singh] and his two witnesses were not credible, with respect to the essential element of the claim, that being that [Singh] is homosexual or bisexual." App. 37. The IJ also determined that Singh failed to adduce any objective evidence to support

---

[1] Singh also acknowledged that he was ineligible to seek cancellation of removal under the INA because he was previously granted cancellation of removal on January 28, 2008. *See* 8 U.S.C. § 1229b(c)(6) (explaining that aliens are ineligible for cancellation of removal after their removal has previously been cancelled).

his subjective fear of being persecuted due to his Americanization. App. 39. Singh appealed the IJ's decision to the Board of Immigration Appeals (the "Board"). On July 30, 2015, the Board dismissed Singh's appeal, finding no clear error in the IJ's determination that Singh did not present credible testimony in support of his claim because the IJ "identified specific, cogent inconsistencies in [Singh's] internal testimony as well as inconsistencies between his testimony and that of his witnesses." App. 3 (citing, *inter alia*, *Xie v. Ashcroft*, 359 F.3d 239, 243 (3d Cir. 2004)).

This petition for review followed.

## II.

The Government argues that we lack jurisdiction over this petition for review. "We review questions of our own jurisdiction *de novo.*" *Castro v. Att'y Gen. of the U.S.*, 671 F.3d 356, 364 (3d Cir. 2012). We have previously held that "we lack jurisdiction to review factual findings underlying a removal order against an alien who has committed a controlled substance offense." *Green v. Att'y Gen. of the U.S.*, 694 F.3d 503, 506 (3d Cir. 2012) (citation omitted).[2] Here, Singh does not dispute, and did not dispute on administrative appeal, the finding that he is removable under 8 U.S.C. § 1227(a)(2)(B)(i), for violating a law relating to a controlled substance. As a result, our jurisdiction is

---

[2] Generally, we have jurisdiction to review the Board's final order denying relief under 8 U.S.C. § 1252(a)(1). Even so, in cases involving certain categories of criminal aliens—including aliens, like Singh, who are removable due to controlled substance offenses under 8 U.S.C. § 1227(a)(2)(B)—Congress has directed that "no court shall have jurisdiction to review any final order of removal." 8 U.S.C. § 1252(a)(2)(C).

4

restricted pursuant to 8 U.S.C. § 1252(a)(2)(C), such that we cannot review the factual findings underlying Singh's removal order.

Because we cannot review the factual findings underlying the removal order, our review is limited to "constitutional claims or questions of law[.]" 8 U.S.C. § 1252(a)(2)(D). "Recognizing this statutory limitation, we have repeatedly stated that '[w]e do not have jurisdiction to ascertain whether [a] factual finding was supported by substantial evidence.'" *Green*, 694 F.3d at 507 (quoting *Santos–Reyes v. Att'y Gen. of the U.S.*, 660 F.3d 196, 200 (3d Cir. 2011)). Notably, we have held that "credibility determinations are factual matters" and "reversible only if 'any reasonable adjudicator would be compelled to conclude to the contrary." *Jishiashvili v. Att'y Gen. of the U.S.*, 402 F.3d 386, 392 (3d Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, Singh challenges only the IJ's credibility determination with respect to his ex-wife's testimony, which is a factual matter; he does not raise a constitutional claim or a question of law. *Cf. Kamara v. Att'y Gen. of the U.S.*, 420 F.3d 202, 211 (3d Cir. 2005) (explaining we retain jurisdiction to review "issues of application of law to fact," but only "*where the facts are undisputed and not the subject of challenge*" (emphasis added) (quoting *Bakhritger v. Elwood*, 360 F.3d 414, 420 (3d Cir. 2014))). Because Singh's challenge to the adverse credibility finding is a question of fact, we lack jurisdiction to review it under 8 U.S.C. § 1252(a)(2)(C) and (D). Accordingly, we will dismiss this petition for review for lack of jurisdiction.

III.

5

For the reasons set forth herein, we will dismiss the petition for review.