NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3489
_____

BORIS SOKHIEV,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1 No. A 088-147-710)
Immigration Judge:  John P. Ellington
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 22, 2018

BEFORE:  MCKEE, SHWARTZ, and COWEN, Circuit Judges

(Filed: June 20, 2018)
_____

OPINION*
_____

_____

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Boris Sokhiev petitions for review of the decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of the Immigration Judge ("IJ"). The IJ denied his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will dismiss his petition for review in part and deny it in part.

I.

Sokhiev, a Russian citizen, immigrated to the United States as a child several years after his mother was granted asylum. As an adult, he became a lawful permanent resident of the United States. Subsequently, he was convicted in a Pennsylvania court of the manufacture, delivery or possession with intent to manufacture or deliver marijuana in violation of 18 Pa. Cons. Stat. § 780-113(a)(30). The IJ sustained the charge of removability on account of a controlled substance violation pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). Sokhiev sought asylum and withholding of removal based on his race, political opinion, and membership in a particular social group. He also applied for CAT protection.

The IJ denied his application for relief. The IJ found Sokhiev to be credible and that he did subjectively fear future persecution because he is Ossetian, because "the government of Russia would impute to [Sokhiev] a political opinion of being a Chechen sympathizer [similar to his mother's successful claim of political asylum that she was persecuted as a Chechen sympathizer for helping a Muslim brother-in-law named Sultan]" (AR66), and "because of his membership in a particular social group comprised of the family [of either Uncle Sultan or Sokhiev's mother]" (AR67). However, Sokhiev

2

admitted that he did not suffer persecution in the past. In turn, the IJ could not find that Sokhiev's subjective fear of future persecution "is objectively reasonable." (AR65, AR66, AR67.) The IJ thereby found that he did not meet his burden of establishing by a preponderance of the evidence that he has a well-founded fear of future persecution on account of a protected ground. Because Sokhiev failed to meet the applicable burden of proof for asylum, the IJ concluded that he necessarily did not satisfy the higher burden of proof for a claim of withholding of removal. Finally, the IJ determined that Sokhiev's fear of torture is purely speculative.

The BIA dismissed Sokhiev's administrative appeal. Initially, it rejected his argument that the IJ "erred in applying the preponderance of the evidence standard to his asylum application and as a result, did not properly analyze whether he has a well-founded fear of persecution." (AR2.) Alternatively, the BIA agreed with the IJ that, upon de novo review, Sokhiev "did not satisfy his burden of proof to show an objectively reasonable possibility that he would be persecuted on account of a protected ground ([AR65-AR67])." (AR3 ((citing 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b))).) Explaining that the IJ's factual findings were not clearly erroneous, the BIA stated that, "[e]ven if the [IJ] had applied the wrong burden of proof for asylum, which it is not clear that he did, we disagree with [Sokhiev] that this would undermine his predictive findings of fact." (AR3-4 (citing Matter of Z-Z-O-, 26 I. & N. Dec. 586, 590-91 (BIA 2015); Kaplun v. Attorney General, 602 F.3d 260, 271 (3d Cir. 2010)).) According to the BIA, Sokhiev's fear of returning to Russia based on the dangerous conditions in the Caucasus did not constitute a recognizable basis for asylum, he failed to satisfy the more stringent

3

standard required for withholding of removal, and the IJ correctly determined that his fear of torture is based on speculation. While the evidence of country conditions indicated that the Russian government regularly targets suspected political opponents, terrorists, and their families (especially in the Caucasus), the BIA determined that Sokhiev failed to show a likelihood that he would be suspected of belonging to any of these categories.

II.

As Sokhiev acknowledges, we generally review agency findings of fact, "including whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution," under the substantial evidence standard. (Petitioner's Brief at 16 (citing 8 U.S.C. § 1252(b)(4)(B); Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003); Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001); Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002), superseded by statute on other grounds as recognized in Kaita v. Attorney General, 552 F.3d 288 (3d Cir. 2008)).) However, we lack jurisdiction to review the findings of fact underlying a removal order against an alien (like Sokhiev) found to be removable on account of a controlled substance offense. See, e.g., 8 U.S.C. § 1252(a)(2)(C); Green v. Attorney General, 694 F.3d 503, 506 (3d Cir. 2012) ("[W]e have repeatedly stated that '[w]e do not have jurisdiction to ascertain whether [a] factual finding was supported by substantial evidence.'" (quoting Santos-Reyes v. Attorney General, 660 F.3d 196, 200 (3d Cir. 2011))). We therefore must dismiss the petition for review insofar as Sokhiev challenges the agency's findings of fact.

We do retain jurisdiction to review constitutional claims and questions of law. See, e.g., 8 U.S.C. § 1252(a)(2)(D). According to Sokhiev, "the Immigration Court and the BIA failed to apply or analyze the Petitioner's objective fear of future persecution pursuant to the 'reasonable possibility' standard and instead referenced a 'preponderance of the evidence standard.'" (Petitioner's Brief at 17.) In failing to use the correct standard, the IJ and BIA thereby purportedly failed to analyze whether Sokhiev would be singled out for persecution or whether there is a pattern or practice in Russia of persecuting similarly situated individuals. Sokhiev contends that, "because the Immigration Court and the BIA failed to apply the proper standard regarding objective fear, their analysis regarding whether that fear was on account of a protected ground, as alleged, either race, imputed political opinion or family, is similarly flawed." (Id. at 18 (citing 8 U.S.C. § 1101(a)(42)(A)).) He also argues that the agency cannot characterize his fear of torture as speculative given the BIA's purported recognition that the Russian government regularly targets similarly situated individuals for torture.[1]

We will deny the petition for review as to Sokhiev's exhausted legal arguments. Even if the IJ committed an error of law in its use of a "preponderance of the evidence" standard (a question we need not and do not decide), the BIA's de novo review using the "reasonable possibility" standard yields the same result. The agency considered the

---

[1] We generally possess jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). "Our review is of the BIA's decision, although we also review the IJ's decision to the extent that the BIA adopted or deferred to the IJ's analysis." Chen v. Attorney General, 676 F.3d 112, 114 (3d Cir. 2011) (citing Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005)). We exercise de novo review with respect to questions of law. See, e.g., Silva-Rengifo v. Attorney General, 473 F.3d 58, 63 (3d Cir. 2007).

evidence presented in this matter, including Sokhiev's testimony and his statement, his mother's asylum application materials, and the documentation regarding country conditions. Given the connections between his claims for relief (which included a claim of imputed political opinion as well as a claim that his family constituted a particular social group), the successful asylum claim of his mother, and his Uncle Sultan's treatment, the BIA and the IJ quite understandably relied on the treatment of Sokhiev's family members who continued to live in the Caucasus. For instance, the BIA observed that family members living in his hometown had not been harmed either on account of their race or because of any familial relationship with his mother or his uncle. In fact, this same uncle "lives peaceably in Russia" and "has had no further negative encounters with the Russian government after the incident that prompted the asylum claim of [Sokhiev's] mother." (AR4 (citing AR63, AR66-AR67, AR69, AR145-AR146, AR164, AR169).) It is also uncontested that Sokhiev failed to raise a pattern or practice claim before the agency, and this Court accordingly will dismiss the petition for review as to this unexhausted claim. See, e.g., 8 U.S.C. § 1252(d)(1); Castro v. Attorney General, 671 F.3d 356, 365 (3d Cir. 2012) (observing that statutory exhaustion requirement applies to each particular issue and that failure to present issue to BIA deprives us of jurisdiction). Finally, as Sokhiev acknowledges, the BIA expressly referenced the country condition reports indicating that the Russian government regularly targets and harms suspected political opponents, terrorists, and their families, especially in the Caucasus. It then appropriately determined that he "has not shown that it is more likely than not that the government will suspect him of being a political opponent, terrorist, or the family

6

member of a political opponent or terrorist ([AR69]."  (AR5 (citing Tarrawally v.

Ashcroft, 338 F.3d 180, 189 (3d Cir. 2003)).)  "None of the respondent's family members

have been suspected of supporting terrorism or have had any negative encounters with

the Russian government in over 16 years."  (Id. (citing AR69); see also, e.g., AR69 ("If

Uncle Sultan is not viewed as a suspected terrorist and all of his relatives are not viewed

as suspected terrorists, the Court finds it difficult to imagine that [Sokhiev] would be

considered a suspected terrorist because of his relationship to his uncle.").)

## III.

For the foregoing reasons, we will dismiss the petition for review insofar as

Sokhiev challenges the agency's findings of fact and presents a pattern or practice claim.

The petition for review will be denied as to his exhausted legal arguments.